IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., ) ) ) ) ) Plaintiffs, ) v. ) ) ) VELOX CONTRACTING, INC., ) ) Defendant. ) ) | Civil Action No. 1:21-cv-00741-LO-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 7) against defendant Velox Contracting, Inc. ("defendant"). Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against defendant in the total amount of $10,517.29.

**I.    Background**

On June 21, 2021, plaintiffs filed this action against defendant for failure to submit timely remittance reports and contribution payments, pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Defendant's authorized agent was served by private process server on July 26, 2021. *See* Executed Summons (Dkt. No. 4). Defendant did not enter an appearance or otherwise respond to the Complaint, and, on August 19, 2021, the Clerk entered defendant's default. *See* Entry of Default (Dkt. No. 6). On August 23, 2021, Plaintiffs filed the instant Motion for Default Judgment. (Dkt. No. 7). Defendant failed to appear at the hearing

on this Motion on September 17, 2021 before the undersigned Magistrate Judge, and the matter was taken under advisement.

## II. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint). Here, as defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## III. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)(2) and venue pursuant to 28 U.S.C. § 1391 are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV. Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of plaintiffs' Motion for Default Judgment.

Plaintiffs in this matter are trust funds and their fiduciaries. Plaintiffs, the Boards of Trustees, are "fiduciaries" with respect to the funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). Compl. at 5. The Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") are jointly trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c), and "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). *Id.* ¶¶ 5–8. The Plaintiff funds are administered in Falls Church, Virginia. *Id.*

Defendant is a California corporation. *Id.* ¶ 10. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. §§ 152(2) and 1002(5), and was engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 1002(11) and (12). *Id.* At all relevant times, defendant employed persons represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 105 ("Local 105" or the "Union"), and remains a signatory to a collective bargaining agreement (the "Agreement") with Local 105. *Id.* ¶ 12. Pursuant to the terms of the Agreement, defendant was required to submit monthly remittance reports and contribution payments to plaintiffs. *Id.*

At the time of filing, defendant had failed to pay required contributions ($3,631.16), interest ($698.86), and liquidated damages ($726.23) for the period of March through June 2019. *Id.* ¶ 27. The total amount owed by defendant for the period March through June 2019 is $5,056.25, plus additional daily interest accruing through the date of payment. *Id.* ¶ 28.

In addition, as of July 1, 2020, defendant had failed to pay NPF an Exit Contribution in the

4

amount of $4,202.07, plus interest ($255.12) and liquidated damages ($840.41). *Id.* ¶ 35–39.

Through the instant action, plaintiffs seek a judgment against defendant for the payment of all delinquent contributions plus liquidated damages, interest, attorneys' fees, and costs pursuant to the Agreement and ERISA.

## V.     Discussion and Findings

Having examined the record, the undersigned finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that defendant failed to make monthly contributions to plaintiffs on behalf of its Local 105 employees. Defendant's failure to make these required payments violated the Agreement and ERISA, 29 U.S.C. § 1145, and therefore plaintiffs are entitled to default judgment in their favor and damages as detailed below.

### A.     Unpaid Contributions, Interest, and Liquidated Damages

Plaintiffs' complaint asserts that defendant owes missed contributions in the amounts of $3,631.16 for March through June 2019 and missed its Exit Contribution to NPF in the amount of $4,202.07. (Dkt. No. 1) ¶¶ 27, 37. Under the Agreement, Defendant is further liable to Plaintiffs for interest on the delinquent contributions at a rate of 0.0233% per day, totaling $1,081.81 through August 31, 2021, as well as liquidated damages totaling $1,602.25. Pls.' Br. (Dkt. No. 8) at 5–6. Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover these amounts.

### B.     Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of Diana M. Bardes establishes that plaintiffs have incurred $2,796.29 in attorney's fees and costs in connection with this matter. (Dkt. No. 8-2). The undersigned has examined the record and finds that these amounts are reasonable compensation

for work necessarily expended to enforce plaintiffs' rights. Accordingly, the undersigned recommends that plaintiffs be awarded this amount in addition to the damages set forth above.

## VI.     Recommendation

In conclusion, the undersigned recommends that default judgment be entered against defendant in favor of plaintiffs in the amounts discussed above, totaling $10,517.29 and that defendant be assessed attorneys' fees and costs totaling $2,796.29.

## VII.    Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

September 20, 2021
Alexandria, Virginia